IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SKEFCO PROPERTIES, INC., 14 SOUTH SECOND CORP., INC, and JAMES J. SKEFOS,<br><br>        Plaintiffs,<br><br>v.<br><br>COLONY INSURANCE COMPANY,<br><br>        Defendant. | No. 2:15-cv-02159-JPM-cgc |

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND TO JOIN
PARTIES
AND
ORDER REMANDING CASE TO THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT

Before the Court is Plaintiffs' motion to amend complaint and to join parties, filed June 29, 2015. (ECF No. 22.) Defendant Colony Insurance Company, Inc. ("Colony") filed a response in opposition to the motion on July 13, 2015. (ECF No. 24.)

For the reasons that follow, Plaintiffs' motion is GRANTED as to the issue of joinder and the instant case is REMANDED to the Circuit Court of Tennessee for the Thirtieth Judicial District for further proceedings.

I.   BACKGROUND

Plaintiffs filed their initial complaint against Colony in the Circuit Court of Tennessee for the Thirtieth Judicial

District on February 2, 2015.  (ECF No. 1-2.)  The complaint alleged breach of contract on the part of Colony for failing to pay insurance benefits pursuant to an insurance policy that Colony entered into with Plaintiffs Skefco Properties, Inc. ("Skefco") and 14 South Second Corporation ("14 South").  (See id. ¶¶ 46-63.)

On March 6, 2015, Colony removed the case to federal court. (ECF No. 1.)  Colony filed an answer to the complaint on April 7, 2015.  (ECF No. 10.) On May 1, 2015, the Court stayed the case for a period of forty-five days and ordered the parties to "put forth efforts towards reaching a global settlement through mediation." (ECF No. 18.)  Mediation ultimately failed to produce a global settlement agreement and proceedings in the instant case resumed on June 15, 2015.  (See ECF No. 20.)

On June 29, 2015, Plaintiffs filed the instant motion to amend complaint and to join parties.  (ECF No. 22.)  In the motion, Plaintiffs seek to 1) join Jack Yacoubian dba Jack Yacoubian Jewelers ("Jack Yacoubian") and The Cupboard Too, Inc. ("The Cupboard Too") as defendants; 2) assert additional claims of negligence against Jack Yacoubian and The Cupboard Too; 3) assert an additional claim for punitive damages against Jack Yacoubian; and 4) assert an additional claim for statutory bad faith against Colony.  (See ECF Nos. 22, 22-1.)  Colony filed a

response on July 13, 2015, in which it opposed the addition of a claim for statutory bad faith as futile.  (ECF No. 24.)

## II.  STANDARD OF REVIEW

### A.  Motions for Leave to Amend

"Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires." Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 520 (6th Cir. 2010).  Rule 15 "plainly embodies a liberal amendment policy," Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002), that "reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings," Inge v. Rock Fin. Corp., 388 F.3d 930, 937 (6th Cir. 2004) (quoting Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986)) (alterations and internal quotation marks omitted).

A motion for leave to amend a complaint "may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Riverview, 601 F.3d at 520 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted).  A proposed amendment is futile "if the court concludes that the pleading as amended could not withstand a motion to dismiss."  Midkiff v. Adams Cnty. Reg'l Water Dist.,

3

409 F.3d 758, 767 (6th Cir. 2005) (quoting <u>Martin v. Associated</u> <u>Truck Lines, Inc.</u>, 801 F.2d 246, 249 (6th Cir. 1986)).

   **B.   Permissive Joinder of Defendants**

   Defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)-(B).  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966).  The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  7 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1652, at 395 (3d ed. 2001) (footnotes omitted); <u>see also</u> <u>Watson</u>, 2010 WL 1491412, at *2 ("Rule 20 promotes the dual values of trial convenience and efficiency by allowing the maximum number of related claims to be adjudicated contemporaneously.").

   In order to satisfy Rule 20, the claims asserted against the Defendants to be joined must be logically related, but "[a]bsolute identity of all events is unnecessary."  <u>Mosley v.</u>

4

Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). "There
is no bright-line rule for determining whether the events in
question involve the same transaction; courts apply the test on
a case[-]by-case basis." Watson v. City of Dyersburg, No. 08-
2718, 2010 WL 1491412, at *2 (W.D. Tenn. Apr. 13, 2010) (citing
Mosley, 497 F.2d at 1333).

**III. ANALYSIS**

**A.   Joinder of Jack Yacoubian and The Cupboard Too**

In the motion to amend the complaint and join parties,
Plaintiffs seek to add Jack Yacoubian and The Cupboard Too as
defendants in the instant case. (ECF No. 22 at 1.) Plaintiffs
aver that they "have a cause of action against both Colony and
the building owners Jack Yacoubian and The Cupboard Too, Inc.
for the same issues of fact regarding causation." (Id. ¶ 13.)
Plaintiffs assert that the cause of the damage to Plaintiffs'
building structures at issue in this case was "the construction,
modification and/or failure to address storm water infiltration,
failure to maintain, and negligent repairs to structures on
property owned by Jack Yacoubian at 145 Madison, Memphis,
Tennessee ("Yacoubian Building") and The Cupboard Too, Inc. at
149 Madison ("Cupboard Building["])." Defendant Colony does not
argue against joinder of Jack Yacoubian and The Cupboard Too in
the instant case. (See ECF No. 24.)

Plaintiffs' legal and factual allegations that Jack Yacoubian and The Cupboard Too caused the damage to Plaintiffs' structures through their negligent conduct are sufficient to establish that the claims against Jack Yacoubian and The Cupboard Too are factually related to and arise out of the same transaction or occurrence as Plaintiffs' claims against Colony for breach of contract. (See ECF No. 22-1 ¶¶ 9-29.) Specifically, Plaintiffs seek compensation from Colony for the damage that Plaintiffs allege was caused by Jack Yacoubian and The Cupboard Too. Additionally, liability of the parties will likely turn on whether Jack Yacoubian and The Cupboard Too are liable to Plaintiffs for negligence. Consequently, common questions of law and fact exist as to all defendants. For these reasons, the Court finds that joinder of Jack Yacoubian and The Cupboard Too as defendants in the instant case is appropriate pursuant to Rule 20(a)(2).

**B.   Remand Under 28 U.S.C. § 1447**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

The instant case was removed to federal court pursuant to 28 U.S.C. § 1332. As alleged in the amended complaint, Jack Yacoubian is a Tennessee resident and The Cupboard Too is a

6

Tennessee Corporation.  (ECF No. 22-1 ¶¶ 5-6.) Because Plaintiffs Skefco Properties, Inc. and 14 South Second Corporation, Inc. are Tennessee corporations, joinder of Jack Yacoubian and The Cupboard Too as defendants destroys the Court's diversity jurisdiction over this case.  Considering the interests of judicial economy and efficiency, the Court finds that allowing joinder of Jack Yacoubian and The Cupboard Too and remanding the case to state court is preferable to denying joinder.

Due to the Court's determination to grant joinder and remand the case, the Court does not reach the issue of whether the addition of Plaintiffs' proposed statutory bad faith claim to the complaint would be futile.

**IV.  CONCLUSION**

For the reasons stated above, Plaintiff's motion to amend complaint and to join parties (ECF No. 22) is GRANTED and Jack Yacoubian and The Cupboard Too are joined as defendants in the instant case.  Because joinder deprives the Court of subject matter jurisdiction, the instant case is hereby REMANDED to the Circuit Court of Tennessee for the Thirtieth Judicial District.

**IT IS SO ORDERED,** this 11th day of August, 2015.


/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

7